**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SEFERA BAILEY** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 19-644-JWD-EWD** |
| **CEC ENTERTAINMENT, INC.** | |

**NOTICE AND ORDER**

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Sefera Bailey ("Plaintiff") in East Baton Rouge Parish, Louisiana.[1] Specifically, Plaintiff alleges that on September 3, 2018, while patronizing a Chuck E. Cheese restaurant, she slipped and fell on a wet surface while walking to the restroom (the "Accident").[2] Plaintiff alleges that the Accident was caused by the fault and negligence of the owner and operator of the restaurant, Defendant CEC Entertainment, Inc. ("CEC"), because CEC created, *inter alia*, an unreasonably dangerous condition.[3]

On or about August 28, 2019, Plaintiff filed her Petition for Damages ("Petition") against CEC in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[4] On September 25, 2019, CEC removed the matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[5]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination

---

[1] R. Doc. 1-2, ¶ 2.
[2] R. Doc. 1-2, ¶¶ 2-3.
[3] R. Doc. 1-2, ¶¶ 4-7.
[4] R. Doc. 1-2, p. 1.
[5] R. Doc. 1, ¶ 4.

required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal alleges that Plaintiff is a domiciliary of Louisiana and CEC is a Kansas corporation with its principal place of business in Texas; therefore, complete diversity of citizenship appears to exist.[6]

It is not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[7] The Petition alleges Plaintiff's injuries as follows:

> 8.
>
> The Petitioner has suffered the following damages arising from negligence of Racetrac (sic):
>
> A. Pain/Suffering—Physical, past, present, and future;
> B. Pain/Suffering—Mental, past, present, and future;
> C. Loss of Enjoyment of Life, past, present, and future;
> D. Aggravation of pre-existing condition;
> E. Medical Expenses-Past/Present/Future, and
> F. Permanent Disability.[8]

Plaintiff also seeks "judgment in favor of the plaintiff and against defendant for all sums as are reasonable given the premise set forth herein," as well as interest and court costs.[9]

In the Notice of Removal, CEC alleges that, on September 18, 2019, it submitted correspondence and a proposed Irrevocable Stipulation and Agreement (the "Stipulation") to Plaintiff's counsel in order to clarify the amount in controversy.[10] CEC contends that it requested for Plaintiff to consider the proposed Stipulation, indicating that Plaintiff's damages do not exceed $75,000, exclusive of interest and costs, "and that, if Plaintiff did not respond to or execute the

---

[6] R. Doc. 1, ¶¶ 5-6 *and see* R. Doc. 1-4, p. 1.
[7] *See* 28 U.S.C. §1332(a).
[8] R. Doc. 1-2, ¶ 8.
[9] R. Doc. 1-2, prayer for damages.
[10] R. Doc. 1, ¶ 10 and R. Doc. 1-5, pp. 6-7.

2

proposed Stipulation, CEC would continue to rely upon the face of the [Petition] suggesting that the amount in controversy was in excess of $75,000, exclusive of interest and costs. Plaintiff['s] counsel and counsel for CEC conferred, and counsel for Plaintiff refused to sign the Stipulation, contending that Plaintiff's injuries put more than $75,000 in controversy…."[11] According to CEC, Plaintiff's claims for damages cited above, Plaintiff's refusal to sign the Stipulation, Plaintiff's failure to refute that the Petition suggested that the amount in controversy was met, and Plaintiff's allegation of a permanent disability all indicate that the amount in controversy exceeds $75,000, exclusive of interest and costs.[12]

The foregoing does not provide enough information to determine if Plaintiff's claims will exceed $75,000, exclusive of interest and costs. First, Plaintiff's general allegations in the Petition of "permanent disability," physical and mental pain and suffering, and aggravation of a pre-existing condition,[13] and demands for general categories of damages (*e.g.*, "reasonable" damages and medical expenses)[14] are insufficient to establish the amount in controversy. Allegations of permanent disability, standing alone with no specification as to the affected body part(s), do not establish that a plaintiff's claims are likely to satisfy the amount in controversy requirement.[15] Moreover, "[c]ourts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any

---

[11] R. Doc. 1, ¶ 10.
[12] R. Doc. 1, ¶ 11.
[13] R. Doc. 1-2, ¶ 8.
[14] *Id.* and prayer for relief.
[15] *See Heaverlo v. Victoria's Secret Stores, LLC*, No. 07-7303, 2008 WL 425575, at *3 (E.D. La. Feb. 8, 2008) ("Although Mrs. Heaverlo alleges permanent disability, that allegation is not sufficient for the Court to retain this case. *In Palmer v. Wal–Mart Stores, Inc.,* No. Civ. A. 95–1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996), the court granted plaintiff's motion to remand even when plaintiff alleged that she sustained severe and possibly permanent injuries, because her allegations were 'fairly 'vanilla'' and did not reveal the extent of her injuries. Mrs. Heaverlo's allegations are similarly commonplace. Given the accident described in the petition and the lack of evidence as to plaintiffs' likely damages, the Court finds that defendants have not satisfied their burden of showing by a preponderance of the evidence that more than $75,000 was in controversy at the time of removal.")

indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[16]

In this case, there is no description of any of the actual injuries suffered by Plaintiff, the nature of Plaintiff's medical treatment, the actual amount of medical expenses Plaintiff has incurred thus far, the nature of Plaintiff's "permanent disability," or Plaintiff's prognosis and recommended future treatment. CEC has not offered any specific medical information regarding Plaintiff's injuries, treatment, prognosis, and expenses in support of the amount in controversy. There is also no evidence of any settlement demands, discovery responses, or relevant documents produced in discovery that would have bearing on the amount in controversy.

Further, CEC's allegations regarding Plaintiff's alleged refusal to sign the proposed Stipulation, and Plaintiff's counsel's alleged verbal contention that Plaintiff's damages satisfy the jurisdictional threshold, are also insufficient to establish the amount in controversy. CEC has not filed any evidence that substantiates this alleged conversation, Plaintiff's refusal to sign, and/or Plaintiff's counsel's statements regarding damages. Regardless, a plaintiff's refusal to stipulate that her damages are below the federal jurisdictional minimum may be considered, but it is not determinative of whether the amount in controversy is met.[17] Based on the foregoing and taken

---

[16] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cases cited therein.
[17] *See Cole v. Mesilla Valley Transportation,* No. 16-841, 2017 WL 1682561, at *6 (M.D. La. Mar. 15, 2017), *report and recommendation adopted,* No. 16-841, 2017 WL 1684515 (M.D. La. May 1, 2017) ("Finally, the record indicates that Plaintiffs refused to stipulate prior to removal that each of the Plaintiffs' claims did not exceed the jurisdictional amount. (R. Doc. 7-4). Plaintiffs did not have a legal obligation to sign such a stipulation 'and, therefore, [their] refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000.'"). *See also Lipford v. Boehringer Ingelheim Pharm., Inc.*, No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014) (Such a refusal "is but one factor for the court to consider."); *and Lee v. Dillon*, No. 12-1413, 2012 WL 3263882, at *3 (W.D. La. Aug. 8, 2012) ("While not conclusive, the court does afford some weight to Plaintiff's refusal to stipulate.").

as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[18]

Accordingly,

**IT IS HEREBY ORDERED that, on or before October 7, 2019,** Defendant CEC Entertainment, Inc. shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED that, on or before October 14, 2019,** Plaintiff Sefera Bailey shall file either: (1) a Notice stating that Plaintiff does not dispute that Defendant has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, September 26, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").